UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN JAMES EDMISTEN,<br><br>                Plaintiff,<br>v.<br><br>CHARLES DANIELS, et al.,<br><br>                Defendants. | Case No. 3:20-cv-00230-GMN-CLB<br><br>SCREENING ORDER ON<br>SECOND AMENDED COMPLAINT |

       On February 10, 2021, the Court issued an order screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and deferring a decision on Plaintiff's application to proceed *in forma pauperis*. (ECF No. 10.) The screening order dismissed the complaint without prejudice and with leave to file a first amended complaint ("FAC"). (*Id.*) Plaintiff filed a FAC (ECF No. 12), and, on June 17, 2021, the Court screened Plaintiff's FAC. (ECF No. 13.) The Court dismissed the FAC without prejudice and with leave to file a second amended complaint ("SAC"). (*Id.*) Plaintiff has now filed an SAC. (ECF No. 14.) The Court accepts the SAC as the operative complaint in this case. The Court now addresses Plaintiff's application to proceed *in forma pauperis* and screens the SAC under 28 U.S.C. § 1915A.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

       Plaintiff's application to proceed in forma pauperis is granted. (ECF No. 1.) Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.    SCREENING STANDARD**

      Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF SAC[1]

In the SAC, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP"). (ECF No. 14 at 1.) Plaintiff sues Defendants Charles Daniels, David Drummond, Shannon Moyle, Patricia Hernandez, and Mr. MeNeeve. (*Id.* at 1-3.) Plaintiff brings three counts and seeks monetary relief. (*Id.* at 3-8.)

---

[1] The Court notes that the SAC is not written in complete sentences, and it is difficult to understand some of Plaintiff's allegations. However, in light of Plaintiff's *pro se* status, the Court will do its best to understand and summarize Plaintiff's allegations.

3

The SAC alleges the following: On May 13, 2019, Plaintiff arrived at Ely State Prison. (*Id.* at 4.) Charles Daniels and Shannon Moyle approved the transfer. (*Id.*) On Plaintiff was scheduled for a six-month review on October 29, 2019. Patricia Hernandez failed to conduct Plaintiff's six-month review, and David Drummond failed to intervene to ensure that Plaintiff's six-month review was conducted. (*Id.*) As a result, Plaintiff remained at ESP. (*Id.*)

While at ESP, Plaintiff was improperly housed on the top tier and a top bunk even though medical charts showed that Plaintiff was restricted to a bottom bunk because he suffers from epilepsy. (*Id.*) On June 2, 2020, Plaintiff suffered a convulsion episode. (*Id.*) Mr. MeNeeve, the director of medical, is responsible via "Respondeat Superior" for the lack of an onsite neurologist to provide Plaintiff medication and treatment for his epilepsy. (*Id.*) On one occasion when Plaintiff declared a man down due to a seizure, medical staff began banging and shining a bright flashlight at him in strobe mode.[2] (*Id.* at 5.) But medical staff failed to even open the door to Plaintiff's cell or otherwise check on him. (*Id.*) Plaintiff was taking Cloazipen for his epilepsy, but this was discontinued without a substitute. (*Id.*)

Plaintiff lives in a wing of the prison with mentally ill inmates who yell, scream, kick doors, and toss bodily fluids out onto the tier. (*Id.* at 6.) The smell of the bodily fluids sometimes causes Plaintiff nausea and headaches. (*Id.*) ESP was built to house 672 inmates, but it currently holds twice that number. (*Id.* at 3.)

Based on these allegations, Plaintiff brings claims of "deliberate indifference" and "intolerable prison conditions" under the Eighth Amendment. The Court construes the SAC as bringing a conditions of confinement claim and a claim of deliberate indifference to a serious medical need. The Court will consider these claims in turn. However, the Court will first briefly review its previous orders screening Plaintiff's earlier complaints for additional context for the SAC.

---

[2] It is not clear from the SAC whether this is the same June 2, 2020, incident, or a different incident. (ECF No. 14 at 5.)

In his initial complaint, Plaintiff's sued Defendants Charles Daniels, David Drummond, Shannon Moyle, and Patricia Hernandez, among others, based primarily on allegations that the Defendants failed to properly review his custody status, which led to Plaintiff remaining at ESP longer than he should have. (ECF No. 10 at 3-5.) Plaintiff also briefly alleged that conditions at ESP were poor because it was overcrowded. (*Id.*) The Court liberally construed the complaint as bringing a Fourteenth Amendment due process claim based on Plaintiff's transfer and classification status, and an Eighth Amendment claim based on the alleged overcrowding. (*Id.*) The Court dismissed the claims without prejudice, and with leave to amend. (*Id.*)

In the FAC, Plaintiff again sued Defendants Charles Daniels, David Drummond, Shannon Moyle, and Patricia Hernandez, among others, and again Plaintiff's allegations focused primarily on his classification status. The FAC also briefly mentioned the overcrowding at ESP and alleged that Plaintiff had not received proper medical treatment while he was housed at ESP. (ECF No. 13.) The Court dismissed Plaintiff's Fourteenth Amendment due process claims regarding his classification and transfer to ESP with prejudice. (*Id.*)

The Court then gave Plaintiff leave to file an amended complaint regarding the overcrowding and lack of medical care, but the Court noted that the only allegations about any of the Defendants was their role Plaintiff's classification and that it appeared that references to overcrowding and a lack of medical care were only meant to support Plaintiff's due process claim, rather than meant as individual claims. (*Id.*) Nonetheless, the Court noted the standards for stating a claim for deliberate indifference to a serious medical need or a conditions of confinement claim, and the Court explained to Plaintiff that if he wished to file an SAC, he must allege specific facts supporting a constitutional violation and demonstrating that the Defendants were responsible for the violation. (*Id.*) The Court will now review the claims in the SAC.

///

///

### A. Conditions of Confinement

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

The Court finds that Plaintiff fails to state a colorable conditions of confinement claim. The SAC references overcrowding and briefly mentions that other inmates in his wing yell, scream and toss bodily fluids out of their cells. These vague allegations do not support that Plaintiff has been denied adequate shelter, food, clothing, medical care, personal safety, or sanitation. Furthermore, even if the allegations were sufficient to support that Plaintiff was denied adequate sanitation, which appears to be the focus of the allegations, none of the allegations support that any of the Defendants were aware that transferring Plaintiff to ESP or failing to conduct his six-month review would lead to Plaintiff receiving inadequate sanitation. Plaintiff does not allege that any of the Defendants were aware of poor sanitation conditions at ESP or that any of the Defendants were deliberately indifferent to the alleged conditions.

Plaintiff references respondeat superior several times throughout the SAC, but a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, Plaintiff cannot hold the Defendants liable under a theory of respondeat superior.

The SAC does not include sufficient facts to support that Plaintiff was denied adequate shelter, food, clothing, medical care, personal safety, or sanitation. Nor does the SAC include any facts supporting that any of the Defendants were aware of, or deliberately indifferent to, and lack of shelter, food, clothing, medical care, personal safety, or sanitation. As such, the SAC fails to state a colorable claim. The Court dismisses this claim with prejudice, as further attempts at amendment would be futile.

### B. Deliberate Indifference to a Serious Medical Need

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant

injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

### 1. Defendants Daniels, Drummond, Moyle, and Hernandez

The Court finds that Plaintiff fails to state a colorable claim of deliberate indifference to a serious medical need against Defendants Daniels, Drummond, Moyle, and Hernandez. The only specific allegations about these Defendants are that they were responsible for Plaintiff being transferred to ESP and/or for failing to ensure that Plaintiff received a six-month custody review. The SAC does not allege that any of these Defendants were aware that transferring Plaintiff to ESP or failing to conduct a six-month review would lead to Plaintiff receiving inadequate medical care. Nor do any of the allegations support that these Defendants were deliberately indifferent to Plaintiff's serious medical needs.

The Court previously explained the standard for stating a claim of deliberate indifference to a serious medical need to Plaintiff, and the SAC does not include any new allegations about these Defendants that would support that they were deliberately indifferent to Plaintiff's serious medical needs. As such, the Court dismisses Plaintiff's claims against these Defendants with prejudice, as further attempts at amendment would be futile.

///

### 2. Defendant MeNeeve

In the SAC, Plaintiff adds Mr. MeNeeve as a Defendant for the first time. A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court finds that Plaintiff MeNeeve is not properly joined in the SAC. Although the allegations about MeNeeve are very vague, it appears that Plaintiff is attempting to hold MeNeeve liable for allegations about Plaintiff's ongoing medical care, including an incident during which Plaintiff was suffering a seizure, and medical staff banged on his door and shined a bright light in his face but did not provide him medical treatment.

These claims about Plaintiff's medical care at ESP do not arise out of the same occurrences as the allegations about the other Defendants, which deal with transferring Plaintiff to ESP and failing to conduct his six-month review. Accordingly, the Court finds that Plaintiff's claims against Mr. MeNeeve regarding his medical care at ESP are not properly joined to this case.

Furthermore, the Court notes that Plaintiff has another pending case in this court, which appears to be based on very similar allegations regarding a lack of medication for

his epilepsy and an incident in which medical staff knocked loudly on his door and shined a strobe flashlight in his face but failed to provide him medical treatment. *See Edmiston v. The Nevada Department of Corrections*, 3:20-cv-00707-RFB-CLB at ECF No. 1-1.

Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

As the claims against MeNeeve are not properly joined in this case, and appear to be duplicative of claims in another pending case, the Court dismisses Plaintiff's claims against MeNeeve without prejudice, but without leave to amend in this case.

## IV. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Justin James Edmisten**, **#1047583** (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

///
///

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the PLRA.

It is further ordered that the Court accepts the SAC (ECF No. 14) as the operative complaint in this case.  The Clerk of the Court send Plaintiff a courtesy copy of the SAC.

It is further ordered that the SAC is dismissed in its entirety.

Plaintiff's claims against Defendants Daniels, Drummond, Moyle, and Hernandez are dismissed with prejudice, as amendment would be futile.

Plaintiff's claims against Defendant MeNeeve are dismissed without prejudice but without leave to amend, as they are not properly brought in this case.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court close this case and enter judgment accordingly.

DATED THIS  31  day of August 2021.

_____
Gloria M. Navarro, Judge
United States District Court